UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x

BARBARA TORRISI,

                Plaintiff,

v.

THE METROPOLITAN
LIFE INSURANCE COMPANY,

                Defendant.

---------------------------------------------------------x

CIVIL ACTION NO.: 03 CV 12372 WGY

COMPLAINT

MAGISTRATE JUDGE

Plaintiff, BARBARA TORRISI, by her attorney, STEPHEN L. RAYMOND, ESQ., as and for her Complaint against the defendant, THE METROPOLITAN LIFE INSURANCE COMPANY (hereinafter, "MET LIFE"), alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Long Term Disability Insurance benefits. MET LIFE insures the benefits provided through Plaintiff's employer's Long Term Disability Plan. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The LTD Plan contains provisions for administrative or internal appeal of a denial of benefits. Plaintiff has exhausted her remedies under these provisions, has received a final denial of her claim and, therefore, this matter is properly before this court for de novo review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3. Plaintiff, Ms. Torrisi, is a resident of Methuen, Massachusetts.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.

## NATURE OF ACTION

5. Plaintiff's claim seeks a declaration that Plaintiff is entitled to disability income benefits pursuant to an employee benefit plan providing for long term disability ("LTD") benefits, sponsored and administered by Plaintiff's employer, Sears, Roebuck & Company ("Sears"), and insured by Defendant MET LIFE under Plan No. 31000-G. As Plaintiff's claim arises under an employee benefit plan, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to this action. Said benefits were effective at all times relevant hereto.

## THE PARTIES

6. Plaintiff, Ms. Torrisi, is a 49 year-old woman who was born on August 21, 1954.

7. Sears, Roebuck and Company Long Term Disability Plan, is an Employee Benefit Plan as defined by ERISA.

8. Defendant, MET LIFE, is a business entity, on information and belief, authorized to conduct the business of insurance within the Commonwealth of Massachusetts. MET LIFE is the insurer of LTD benefits under the terms of an "employee benefit plan" (the "Plan") as defined by ERISA. MET LIFE is a fiduciary with respect to claims under the terms of the Plan. MET LIFE maintains offices at 99 High Street, Boston, MA 02110.

## STATEMENT OF FACTS

9. Prior to, and including April 21, 2001, Plaintiff was employed by Sears as a sales manager, and had been employed by Sears for approximately 30 years.

10. For a period up to and including April 21, 2001, Plaintiff, together with other active full time employees, was covered as a participant under the Sears, Roebuck and Company Long Term Disability Plan sponsored, funded, and administered by Plaintiff's employer and insured by defendant, MET LIFE. The Plan provides for payment of monthly income benefits to participants who become Totally Disabled. Payments under the Plan begin, after a 140 day waiting period. The monthly benefit is 60% of pre-disability monthly earnings.

11. The LTD Plan provides, in pertinent part:

> If you are a salaried Employee, "Disabled" or "Disability" means that, due to sickness, pregnancy, or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and
>
> 1. During your Elimination Period and the next 24 month period, due to your inability to perform the duties of your Own Occupation you are unable to earn more than 80% of your Predisability Earnings or Indexed Predisability Earnings at your Own Occupation for any employer in your Local Economy; or
>
> 2. after the 24 month period, due to your inability to perform the duties of any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and Predisability Earnings, you are unable to earn more than 60% of your Indexed Predisability Earnings from any employer in your Local Economy.

(LTD Plan at 6).

12. The Plan also provides for a maximum LTD benefit period to the participant's age 65, when she becomes Disabled prior to attaining age 60.

13. Plaintiff ceased work on April 21, 2001, as a result of multiple physical symptoms

3

she experienced which prevented her from performing the duties of her own occupation and caused a loss of earnings. Ms. Torrisi has been diagnosed with hypertension, anxiety, and depression.

14. Subsequent to her disability onset in 2001, Plaintiff applied for long term disability benefits under the LTD Plan by submitting a completed claim, including her Attending Physician's Statement, to Defendant.

15. After reviewing Plaintiff's initial claim, MET LIFE informed the plaintiff, through a letter dated October 22, 2001, that long-term disability benefits would be paid from September 9, 2001 through September 30, 2001, and that benefits beyond that point had been denied, stating: "the medical documentation does not support continued impairment per the Sears long-term disability plan provisions."

16. After Plaintiff filed a timely appeal, MET LIFE upheld its prevous denial by letter dated November 27, 2001.

17. ERISA mandates, in relevant part:

> [E]very employee benefit plan shall–
>
> \*        \*        \*
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim.

ERISA § 503(2); 29 U.S.C. § 1133(2).

18. The claim file reveals that there was no determination of the relevant duties of Plaintiff's occupation. The final denial is based only upon the review of MET LIFE's paid consultant, which predated the initial denial letter; no medical review of the file was done after Plaintiff's request for a review of the initial denial.

19. Plaintiff has remained Disabled in accordance with the terms and conditions of the LTD Plan, from April 21, 2001 until the date of the filing of this action.

## AS AND FOR PLAINTIFF'S CLAIM: FOR LONG TERM DISABILITY BENEFITS

20. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 19, *supra*, as if fully set forth at length.

21. Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

22. Plaintiff has not been provided with a full and fair review of her claim for benefits under the terms and conditions of the Plan, and in accordance with the provisions of ERISA.

23. The Long Term Disability claim decisions rendered in the instant action have been made by defendant, MET LIFE, the insurer of benefits under the terms of the Plan, which as such, cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus acts under a conflict of interest.

24. Fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

25. DEFENDANT'S decisions were not supported by the medical evidence and moreover, did not correctly apply the language of the Plan.

26. DEFENDANT'S decisions in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence submitted during the review stages of Plaintiff's claim.

27.   Plaintiff is disabled within the terms of the subject LTD Plan. Plaintiff is entitled to the receipt of monthly Long Term Disability benefits pertaining to her disability from (and including) April 21, 2001, and continuing for the time allowed under the LTD Plan.

**WHEREFORE**, Plaintiff prays for the following relief:

A.   That the Court determine and then declare that under the terms of the Plan, that the Plaintiff's total disability continued from (and included) April 21, 2001, within the term of coverage, and that she was and continues to be disabled within the Plan's provisions.

B.   That after making such a determination, the Court ORDER the DEFENDANT to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said Plan.

C.   That the Court remand the matter to the claim administrator for such further findings as may be required, while retaining jurisdiction.

D.   That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

E.   That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.

Dated:   Haverhill, MA
November 21, 2003

PLAINTIFF
By her attorney,

LAW OFFICE OF
STEPHEN L. RAYMOND, ESQ.

By:   _____
Stephen L. Raymond
3 Washington Square, Ste. 206
Haverhill, MA  01830
(978) 372-6590
BBO #567753