UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

BARBARA TORRISI,

                Plaintiff,

v.                                  03 CV 12372 NMG

METROPOLITAN LIFE INSURANCE COMPANY,

                Defendant.
_____

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, BARBARA TORRISI, by and through her undersigned counsel, respectfully moves this Court for an Order, granting her Motion to Compel Discovery, in accordance with the following argument.

### BACKGROUND

This case involves the review of an ERISA plan administrator's denial of long term disability benefits to Plaintiff. The parties appeared before the Court on September 30, 2004, for the initial scheduling conference. At that time, the Court endorsed the parties' proposal, including in relevant part, that Requests for Production of Documents be served on or before October 15, 2004.

After receiving a copy of the administrative record, Plaintiff served her Requests for Production of Documents on October 14, 2004. (A true and accurate copy of the Request for Documents is annexed hereto as Exhibit "A."). Defendant served its response to the requests on November 15, 2004. (A copy of defendant's Response is annexed as Exhibit "B."). As the parties disagreed on discovery issues raised by the response, Plaintiff sent a letter to counsel dated November 30, 2004, describing her position and requesting a conference in accordance

with Local Rule 37.1.[1]  (A copy is annexed as Exhibit "C.").  On Thursday, December 9, 2004, the parties held the Local Rule 37.1 conference by telephone.  During the conference, defendant agreed to provide a "privilege log" in response to Plaintiff's Request No. 1, and that matter was thus resolved.  Plaintiff's Requests Nos. 3 and 4, were as follows:

> 3. A copy of each and every written policy, procedure, or training materials of MetLife which relates to the construction or interpretation of its disability insurance Policy provisions, whether or not specifically relied upon in the denial of Plaintiff's claim.
>
> 4. A copy of each and every written statement of policy or guidance applicable to the subject Plan, and/or its underlying policy/policies of insurance, including any written internal guidelines or procedures for the interpretation of the Plan/policies, or application to claims thereunder (whether maintained by the Plan, Plan Sponsor, or administrator).  This includes, without limitation, any computerized or electronically-maintained policy, procedures, guidelines, or reference materials which may be used (or have been used) for reference by claims handlers, representatives, or specialists in the processing of disability claims under the Plan/policies at issue herein.  This request is specifically meant to encompass, without limitation, MetLife's complete "Disability Claim Library" with all of its constituent parts, including its Claim Management Guidelines in toto.

Defendant continues to stand on its objections to the relevance of Requests Nos. 3 and 4.  (See Def's Response to Plaintiff's Requests, Ex. B at 2-3.)

Accordingly, Plaintiff brings this motion for relief.

## ARGUMENT

In light of recent First Circuit precedent, *Glista v. UNUM Life Insurance Co. of Am.*, 378 F.3d 113 (1st Cir. 2004), Plaintiff's discovery requests are appropriate.  She seeks an Order compelling responses to the documentary requests, and an enlargement of time, after their receipt in which to evaluate whether any further discovery may be required, including any

---

[1] Plaintiff thereafter also filed with the Court a motion to extend the time for filing any discovery motion in order to allow the parties to attempt to resolve these issues.  That motion remains pending.

necessary supporting deposition testimony. The materials sought by Plaintiff in her requests, which include any and all claims handling policies and procedures, internal memoranda, and training materials utilized by Metropolitan Life Insurance Company ("MetLife") during the pendency of Plaintiff's claim, and pertaining to the application of the plan's provisions, have been specifically endorsed by *Glista* as being within the realm of documents which may be relevant to the review of the ERISA benefits denial. *Glista* at 122-25.

Prior to *Glista*, discovery was generally denied in ERISA cases such as this. In denying plaintiffs' requests for discovery, courts relied in large part upon the rationale that plaintiffs had to first overcome the "strong presumption" that the record should be confined to the material before the decision-maker. *Liston v. UNUM Corp.Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003). It made sense that plaintiffs should not be granted discovery if the discovered information could not be reviewed by the court anyway; however, it left plaintiffs in the impossible position of overcoming the strong presumption by demonstrating that the new material was worthy of review prior to seeing what this new material might be.

The First Circuit has now given the courts some further guidance on what materials may be included in a review of the administrator's decision. Like the instant case, *Glista* deals with an LTD plaintiff's suit against the insurer. The insurer in *Glista* was UNUM Life Ins. Co. of America. In that "arbitrary and capricious"-review ERISA case, the court reversed the district court's exclusion of Plaintiff's supplemental materials from the administrative record. *Glista* at 125. Plaintiff had obtained procedural and training materials during discovery as well as associated deposition testimony, and the court silently endorsed such discovery, when it explicitly held that the materials were relevant to the interpretation of a clause specifically affecting the plaintiff's claim. *Glista* at 123 ("Where a plan administrator has chosen consistently to interpret plan terms in a given way, that interpretation is relevant in assessing the reasonableness of the administrator's decision."). Moreover, the court clarified *Liston*–previously relied upon by defendants to fend-off attempts at discovery–by noting that the claimant in that case had requested discovery on "how others were treated" and as such that request was unduly burdensome on the Plan. *Glista* at 122-23. The First Circuit thus

3

distinguished its holding in *Liston*. The written procedural materials, internal memoranda, training materials, and related deposition testimony Glista sought to have included in the court's review *were* relevant to the underlying issue in *Glista,* which was the application of the plan's pre-existing condition clause. Although not specifically stated, the *Glista* court found the discovery which had taken place below, *not* unduly burdensome.

In the instant case, the Plaintiff seeks discovery of the same type of information as was approved in *Glista:* MetLife's internal policies and procedures, internal memoranda, training materials, and related deposition testimony. "There is nothing uncommon about reviewing courts considering such internal memoranda containing ERISA interpretations," (*Glista* at 124) however, Plaintiff must be allowed an opportunity to *discover* the materials before being required to definitively prove their relevance–and essentially–admissibility as part of the administrative record. The standard for discovery is slightly more relaxed than that which Plaintiff faces when she must present the materials for inclusion in the Court's review of the benefit denial. Here, discovery of these materials is likely to lead to the production of admissible evidence. Plaintiff expects that this discovery will reveal MetLife's internal materials relating to the interpretation of the plan's provisions as they were applied to Plaintiff's claim for benefits due to her mental or nervous condition.

*Glista* clearly supports the allowance of the discovery sought by Plaintiff in her Requests, and therefore, defendant's objection to the "relevance" of these requests is unreasonable. Defendant should be compelled to produce the requested documents and Plaintiff should be granted additional time in which to evaluate the materials upon production to determine whether any further discovery may be required.

**WHEREFORE**, the Plaintiff respectfully requests:

1. An ORDER to compel defendant's responses to Plaintiff's Requests for Production of Documents, Requests Nos. 3 and 4;

2. An ORDER to allow Plaintiff to petition the Court for such further particular discovery as may be required, upon review of the Ordered discovery; and,

3. Such further and additional relief as may be deemed appropriate.

## REQUEST FOR HEARING

Plaintiff respectfully requests to be heard with respect to this motion.

Dated: December 15, 2004
      Haverhill, MA

                                  LAW OFFICE OF
                                  STEPHEN L. RAYMOND, ESQ.
                                  Attorney for Plaintiff

                       By:   */s/ Stephen L. Raymond*
                            Stephen L. Raymond
                            3 Washington Square, Ste. 206
                            Haverhill, MA  01830
                            (978) 372-6590
                            BBO #567753

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------x

BARBARA TORRISI,

      Plaintiff,      Civ. No. 03-12372 NMG

 v.

METROPOLITAN LIFE INSURANCE
COMPANY,

      Defendant.
-----------------------------------------------------------x

## PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS

**PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure, Rule 34, and the Order of this Court, defendant, METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "MetLife"), is hereby required within thirty (30) days from the date of service of Plaintiff's First Request for Documents to respond to each separately and fully, and serve said response upon Plaintiff's counsel at the Law Office of Stephen L. Raymond, Esq., 3 Washington Square, Ste. 206, Haverhill, MA 01830.

### INSTRUCTIONS AND DEFINITIONS

1.  The term "Policy," where not otherwise specified, shall refer to any policy of insurance which insures benefits under the terms of any long term disability employee benefit plan covered by the provisions of ERISA.

2.  The term "identify" or "identity" when used with reference to any documents, shall require the following information:

  (a) type of document (i.e., letter, memo, report, etc.);

  (b) date;

  (c) general description of contents or subject matter and number of pages;

  (d) name of persons preparing, if known, and any signatories;

    (e)    the addresses and names of person receiving copies;

    (f)    the present or last known location of the documents and of each copy thereof having notations unique to such copy;

    (g)    whether you will produce the document for inspection and copying; and

    (h)    if the document was, but is no longer, in your possession or subject to your control, a statement of the disposition which was made of it, the reason for such disposition, and the date thereof.

To the extent that it is shown on the face of the document to be identified, the information called for by subparagraphs (a) - (h) of this instruction need not be set forth separately, if a copy of the document is supplied with your answers to these requests, and separately identified by the number of the request to which it responds.

3. The term "document" refers to communications, financial records, business records, reports, books, pamphlets, periodicals, newspapers and magazines and other publications and clippings therefrom, price lists, advertisements, contracts and other agreements, and memoranda of understanding, promissory notes, guarantees and other instruments, calendars, diaries, blueprints, papers, notes, memoranda, prints, sketches, indices, tapes, data processing cards, and all other writings, drawings, graphs, charts, photographs, phone records, other data compilations from which information can be obtained, and any other tangible item upon which information is recorded or appears.

4. If you claim any privilege or other reason not to identify or not to produce any document the identification or production of which is requested in these requests, identify the number of the document request, which calls for each such document and as to each such document:

    (a)    identify the sender or person who prepared the document, the recipient, each person who received a copy, the date of the document, and the title, location, and general subject matter of the document;

    (b)    state the nature of the privilege or other reason which it is claimed justifies non-production; and

    (c)    state all the facts upon which the claim of privilege or other claimed justification of non-production is based.

5. Plaintiff also specifically incorporates by reference, without limitation intended, the uniform definitions in discovery requests of Local Rule 26.5.

## REQUESTS

1. A full copy of the Administrative Record, consisting of MetLife's entire claim file as well as any and all documents within MetLife's possession or control which relate to Plaintiff's claim for benefits. (Defendant need not produce any document which was previously produced on October 7, 2004, as part of its "claim file;" however, production of any and all additional documents within the call of this request are required.)

2. A copy of each and every Plan document, Summary Plan Description, and Policy of insurance or administrative services contract related to the subject long term disability ("LTD") Plan, along with copies of each and every amendment or modification to these documents, including any related endorsements. (The "subject" LTD Plan is that plan under which Plaintiff claimed benefits; the Plan sponsored by Sears Roebuck & Co., and administered by MetLife.)

3. A copy of each and every written policy, procedure, or training materials of MetLife which relates to the construction or interpretation of its disability insurance Policy provisions, whether or not specifically relied upon in the denial of Plaintiff's claim.

3

4.  A copy of each and every written statement of policy or guidance applicable to the subject Plan, and/or its underlying policy/policies of insurance, including any written internal guidelines or procedures for the interpretation of the Plan/policies, or application to claims thereunder (whether maintained by the Plan, Plan Sponsor, or administrator). This includes, without limitation, any computerized or electronically-maintained policy, procedures, guidelines, or reference materials which may be used (or have been used) for reference by claims handlers, representatives, or specialists in the processing of disability claims under the Plan/policies at issue herein. This request is specifically meant to encompass, without limitation, MetLife's complete "Disability Claim Library" with all of its constituent parts, including its Claim Management Guidelines in toto.

Dated: Haverhill, MA
       October 14, 2004

                                        PLAINTIFF
                                        By her attorney,

                                        LAW OFFICE OF
                                        STEPHEN L. RAYMOND, ESQ.

                                    By: _____
                                        Stephen L. Raymond
                                        3 Washington Square, Ste. 206
                                        Haverhill, MA  01830
                                        (978) 372-6590
                                        BBO #567753

4

## CERTIFICATE OF SERVICE

This is to certify under penalty of perjury, that the undersigned has on this date, served a true and complete copy of the within document, upon all other parties to this action by U.S. Mail, postage pre-paid, and addressed as follows:

James F. Kavanaugh, Jr., Esq.
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

Date: 10/14/04

Stephen L. Raymond

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03-12372 NMG

| | |
|---|---|
| BARBARA TORRISI<br>    Plaintiff,<br><br>V.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Metropolitan Life Insurance Company ("MetLife") responds as follows to the document request of plaintiff Barbara Torrisi.

REQUEST NO. 1

A full copy of the Administrative Record, consisting of MetLife's entire claim file as well as any and all documents within MetLife's possession or control which relate to Plaintiff's claim for benefits. (Defendant need not produce any document which was previously produced on October 7, 2004, as part of its "claim file;" however, production of any and all additional documents within the call of this request are required.)

RESPONSE NO. 1

MetLife has produced a complete copy of the Administrative Record, consisting of MetLife's entire claim file for Ms. Torrisi.

REQUEST NO. 2

A copy of each and every Plan document, Summary Plan Description, and Policy of insurance or administrative services contract related to the subject long term disability ("LTD")

Plan, along with copies of each and every amendment or modification to these documents, including any related endorsements. (The "subject" LTD Plan is that plan under which Plaintiff claimed benefits; the Plan sponsored by Sears Roebuck & Co., and administered by MetLife.)

RESPONSE NO. 2

Copies of the relevant Plan documents and the Summary Plan Description are included in the Administrative Record, previously produced. Any and all relevant Plan amendments are integrated within the Summary Plan Description that previously was produced. MetLife objects to the balance of this request on the ground that it seeks information that is not relevant to the claim or defense of any party.

REQUEST NO. 3

A copy of each and every written policy, procedure, or training materials of MetLife which relates to the construction or interpretation of its disability insurance Policy provisions, whether or not specifically relied upon in the denial of Plaintiff's claim.

RESPONSE NO. 3

MetLife objects to this request on the ground that it seeks information that is not relevant to the claim or defense of any party.

REQUEST NO. 4

A copy of each and every written statement of policy or guidance applicable to the subject Plan, and/or its underlying policy/policies of insurance, including any written internal guidelines or procedures for the interpretation of the Plan/policies, or application to claims thereunder (whether maintained by the Plan, Plan Sponsor, or administrator). This includes, without limitation, any computerized or electronically-maintained policy, procedures, guidelines, or reference materials which may be used (or have been used) for reference by claims handlers,

representatives, or specialists in the processing of disability claims under the Plan/policies at issue herein. This request is specifically meant to encompass, without limitation, MetLife's complete "Disability Claim Library" with all of its constituent parts, including its Claim Management Guidelines in toto.

RESPONSE NO. 4

MetLife objects to this request on the ground that it seeks information that is not relevant to the claim or defense of any party.

        METROPOLITAN LIFE
        INSURANCE COMPANY,
        By its attorney,


        *James F. Kavanaugh / JFM*
        James F. Kavanaugh, Jr. BBO#262360
        CONN KAVANAUGH ROSENTHAL PEISCH
         & FORD, LLP
        Ten Post Office Square
        Boston, MA 02109
        617-482-8200

213789.1

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (mail-)hand on Nov. 15, 2004

*[signature]*

**EXHIBIT C**

LAW OFFICE OF
# STEPHEN L. RAYMOND, ESQ.
SUITE 206
3 WASHINGTON SQUARE
HAVERHILL, MASSACHUSETTS 01830

*ALSO ADMITTED
IN NEW YORK

(978) 372-6590
FAX (978) 372-6596

November 30, 2004

**By Facsimile Transmission**

Johanna L. Matloff, Esq.
CONN KAVANAUGH, ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109

    Re:    Barbara Torrisi v. The Metropolitan Life Insurance Company
            Civ. No. 03-12372 NMG

Dear Ms. Matloff:

    I write at this time, after the receipt of Defendant's Response to Plaintiff's Request for Production of Documents, in an effort to resolve a specific discovery dispute.

    The issues can be summarized as follows: In response to Request No. 1, which requests *inter alia*, "any and all documents . . . which relate to Plaintiff's claim for benefits," defendant has noted that it has produced the "Administrative Record, consisting of MetLife's entire claim file for Ms. Torrisi." Have *all documents* which *relate* to Plaintiff's claim been produced? If any document within the call of this request has been withheld on a claim of privilege, would you kindly provide a privilege log, identifying the document(s) as previously requested?

    As to Plaintiff's Requests Nos. 3 and 4, defendant stands on objections to relevance in the face of requests for written policies, procedures, or training materials which relate "to the construction or interpretation of its disability insurance Policy provisions" and which are applicable to the subject plan (policy of insurance) and the interpretation of its provisions in application to its claims. Request No. 4 also specifically seeks MetLife's Claim Management Guidelines.

    As I understood from my conversation with you prior to my receipt of defendant's responses, you took the position that such guidelines would be irrelevant in a circumstance where MetLife had discretionary authority to interpret the terms of the plan. However, where Plaintiff must demonstrate an abuse of discretion, and where MetLife has guidelines, policies, and/or

Johanna L. Matloff, Esq.                              2                    November 30, 2004
*Torrisi v. The Metropolitan Life Ins. Co.*
*Civ. No. 03-12372 NMG*

training materials which apply to disability claims generally and which provide its claim handlers with instruction (or at least, direction) in the manner in which its policies' terms are to be interpreted, a departure from that direction is evidence of a possible abuse of discretion. From prior ERISA litigation (still pending) in which I represent the claimant, and your firm represents MetLife, I am aware of the existence of MetLife's claim management guidelines. Although the substance of the guidelines is protected as confidential, the fact of their existence is not and this is confirmed by references to the same which were filed with the Court and are a matter of public record. Simply stated, we know claims management guidelines exist and believe that a discovery request seeking them in this context is likely to lead to the production of relevant evidence.

     Again, *Glista v. UNUM Life Insurance Co. of Am.*, 378 F.3d 113 (1st Cir. 2004), supports this position. Glista endorsed the district court's allowance of discovery, including UNUM's computer-based risk management reference guide, training materials, and related deposition testimony, and specifically overturned its exclusion of these items in the context of an ERISA "arbitrary and capricious" review of a benefit denial. Moreover, because *Glista's* inquiry was whether the guidelines and training materials was relevant for purposes of the court's actual consideration of the materials in connection with its ERISA review, its analysis was more stringent than is appropriate at this stage in these proceedings. In other words, Ms. Torrisi may have to prove the relevance of certain excerpts of the requested materials when she presents them to the court and asks to have them included in its review of MetLife's termination, but at this stage, she must merely demonstrate that her requests were reasonably tailored for the production of materials that would likely be relevant. To repeat, because a departure from the guidelines would evidence a possible abuse of discretion, her requests meet this minimal burden.

     I request that we hold a conference pursuant to Local Rule 37.1, in an attempt to resolve this issue, or at least, narrow our disagreement as much as possible. I suggest that we have a telephone conference tomorrow, December 1, 2004, at 2:00 p.m., but I am also available for much of the afternoon if this time is inconvenient for you. Additionally, as I see our time for filing any discovery motions is set to expire as of tomorrow, I request your assent to a motion to extend this time period by two weeks in the hope that we can avoid any unnecessary discovery motion practice.

     Please call to let me know if you will be available.

                                               Very truly yours,

                                               Stephen L. Raymond