UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03-12372 NMG

_____
BARBARA TORRISI                 )
    Plaintiff,                         )
                                             )
V.                                          )
                                             )
METROPOLITAN LIFE         )
INSURANCE COMPANY      )
    Defendant.                       )
_____)

**OPPOSITION OF METROPOLITAN LIFE INSURANCE COMPANY
TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant Metropolitan Life Insurance Company ("MetLife") hereby opposes the plaintiff's motion to compel discovery. Plaintiff Barbara Torrisi ("Torrisi") has moved for an order compelling MetLife to disclose its confidential business documents, including internal policies, procedures, guidelines, and/or training materials in response to certain document requests that she served on MetLife. Torrisi further moves for an order allowing her to seek further discovery regarding these documents, including deposition testimony. Because the requested discovery is irrelevant to the sole issue in this case, Torrisi's motion to compel discovery should be denied.

**I.     Relevant Factual Background**

Torrisi worked for Sears Roebuck & Company as a Sales Manager until April 21, 2001, when she allegedly became disabled due to work place stress and panic attacks. (See Excerpts from MetLife's Claim File, attached as Exhibit A, at MET0062). She also suffered from costochondritis. (MET0081.) In or about June 2001, Torrisi filed a claim for disability benefits.

(MET0143.) The disability plan defined "disability" for salaried employees in relevant part as follows:

> you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and (1) during your Elimination Period and the next 24 month period, due to your inability to perform the duties of your Own Occupation you are unable to earn more than 80% of your Predisability Earnings or Indexed Predisability Earnings at your Own Occupation <u>for any employer in your Local Economy</u> . . . .

(MET0096) (emphasis added.) In addition, the disability plan further provided that "monthly benefits are limited to 12 months during your lifetime if you are Disabled due to a mental or nervous disorder or disease . . . ." (MET0102.) The disability plan also granted MetLife discretion to construe the terms of the plan and make eligibility decisions. (MET0085.)

By July 20, 2001, Torrisi's costochondritis appeared to have resolved, and on September 19, 2001, Torrisi's primary care physician, Anthony Turiano, M.D., noted that Torrisi's costochondritis was better. (MET0029 and 0081.) On September 12, 2001, Torrisi's therapist, Thomas Kelley, Ph.d, noted that Torrisi was generally "free from panic attacks, although she [was] now feeling bored because she [was] not working." (MET0042.)

On September 24, 2001, Dr. Kelley completed a mental status questionnaire for Torrisi. (MET0065-0069.) Dr. Kelley noted that <u>Torrisi's anxiety and panic attacks were specific to her job at Sears</u>. (MET0065-0066) (emphasis added). He further stated that while Torrisi was not able to return to her prior job as a high level manager at Sears, she was "<u>capable of resuming less intense position as mid-level manager.</u>" (MET0068) (emphasis added). In addition, Dr. Kelley stated that Torrisi was interested in returning to work at a different job site than Sears and that she "possesse[d] good inter-personal and administrative skills and wishe[d] to use them in the workplace." (<u>Id.</u>) According to Dr. Kelley, Torrisi could <u>immediately</u> return to work on

2

September 24, 2001, with accommodation, because her symptoms were under control. (MET0069) (emphasis added).

On October 16, 2001, Dr. Lee H. Becker, M.D. conducted an independent physician consult review of Torrisi's medical information in the file. (MET0036-0038.) According to Dr. Becker, Torrisi's psychiatric impairments were not so significant as to preclude her from returning to work. (MET0037.) He also indicated that Torrisi's anxiety and panic were specific to her employer and that she could have done her job at an organization other than Sears. (Id.)

On October 22, 2001, MetLife approved Torrisi's claim for a closed period of time, and paid her benefits effective from September 9, 2001 through September 30, 2001. (MET0159-0160.) MetLife denied Torrisi's claim for benefits beyond September 30, 2001 after determining that Torrisi's psychiatric impairment was not so significant as to preclude her from returning to her occupation. (Id.) Torrisi appealed MetLife's decision, and MetLife upheld its initial determination on November 27, 2001. (MET0134-0135.) This lawsuit followed.

**II.     Argument**

Federal Rule of Civil Procedure 26 provides that Torrisi is only entitled to discovery "regarding any matter, not privileged, that is relevant to *the claim or defense of any party*." (Emphasis added). The sole issue in this case is whether MetLife's termination of Torrisi's long term disability benefits was arbitrary and capricious. The arbitrary and capricious standard of review strictly limits the grounds upon which an administrator's discretionary determination can be disturbed. Most important, a reviewing court should not "substitute its judgment for that of the [decision-maker]." Terry v. Bayer Corp., 145 F.3d 28, 40 (1st Cir. 1998) (brackets in original), quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). As the First Circuit emphasized in Jestings v. New England Telephone & Telegraph Co.,

3

757 F.2d 8 (1st Cir. 1985), it is for plan fiduciaries, and not courts, to choose between reasonable alternatives involving plan administration.  Id. at 9.  A reviewing court, therefore, should not determine which side it believes is right.  Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998).  Instead, the court should give administrators "considerable leeway to interpret and to apply" plan provisions, "setting aside those ... decisions only if they are arbitrary, capricious, or an abuse of discretion."  Diaz v. Seafarers International Union, 13 F.3d 454, 456 (1st Cir. 1994).

The specific issue in this case is whether it was arbitrary and capricious for MetLife to terminate Torrisi's claim, where an independent physician review determined that Torrisi could do her job at an organization other than Sears, and where Torrisi's own therapist stated that Torrisi's anxiety and panic attacks were specific to Sears, that Torrisi was "capable of resuming less intense position as mid-level manager," and that she could immediately return to work on September 24, 2001, with accommodation, because her symptoms were under control.  In determining whether MetLife's determination was arbitrary and capricious, the Court should limit its review to the information in MetLife's claim file at the time of MetLife's final determination on November 27, 2001.  See  Chandler v. Raytheon Employees Disability Trust, 53 F.Supp.2d 84, 85 n.1 (D.Mass. 1999); Kiley v. Travelers Indemnity Co., 853 F.Supp. 6, 13-14 (D.Mass. 1994); Jorstad v. Connecticut General Life Ins. Co., 844 F.Supp. 46, 56 (D.Mass. 1994).  No further discovery is necessary on this issue.

Moreover, the requested discovery is not relevant to the issue in this case.  Unlike Glista v. UNUM Life Insurance Co. of America, 378 F.3d 113 (1st Cir. 2004), the issue in this case does not require the interpretation of a specific clause in Torrisi's disability plan.  Contrary to the facts presented in this case, the plan administrator in Glista found that the plaintiff was disabled.

4

Id. at 115. The plan administrator in that case, however, denied Glista's claim on the ground that his disability was a "pre-existing condition" and excluded from coverage under the plan. Id. Glista claimed that the denial was erroneous and he sought to introduce the plan administrator's internal guidelines and training materials. Id. at 120-21. The issue in Glista was whether the plan administrator's adverse interpretation of the "pre-existing condition" clauses was consistent with the plan administrator's internal documents interpreting those same provisions. Id. at 124. The First Circuit concluded that the plan administrator's internal documents were admissible because they were relevant to the interpretative issue in that case. Id. at 124-25. The First Circuit, however, declined to adopt a "hard-and-fast rule" for deciding the admissibility and relevance of a plan administrator's internal documents. Id. at 115-16.

     Here, MetLife's internal guidelines and training materials have no bearing on the issue at hand because it does not involve the interpretation of any particular clause in the disability policy. Furthermore, the requested discovery has no bearing on whether MetLife's final decision to terminate Torrisi's benefits was arbitrary and capricious. MetLife terminated Torrisi's benefits because Torrisi's own doctors determined that her panic and anxiety were specific to Sears and that she could return to her occupation with accommodation and/or with another employer in her local economy. Torrisi has failed to articulate how MetLife's internal guidelines and training materials are relevant to the simple issue at hand: was it arbitrary and capricious for MetLife to terminate benefits on September 30, 2001, where Torrisi's doctors said that she could return to work? As there is no interpretative issue regarding a plan provision, and as MetLife's internal documents are irrelevant to the sole issue in this case, discovery of MetLife's internal documents should be denied.

Furthermore, for the same reasons, Torrisi's request for an order allowing her to seek "further particular discovery" should be denied because there is no basis for seeking additional discovery.

### III. Conclusion

For the foregoing reasons, MetLife respectfully requests that the Court deny Torrisi's motion to compel discovery.

          METROPOLITAN LIFE
          INSURANCE COMPANY
          By its attorneys,

          /s/ Johanna L. Matloff
          James F. Kavanaugh, Jr.
          BBO# 262360
          Johanna L. Matloff
          BBO# 655178
          CONN KAVANAUGH ROSENTHAL
           PEISCH & FORD, LLP
          Ten Post Office Square
          Boston, MA  02109
          (617) 482-8200

217448.1