Pt: Barbara Torrisi

wt: 175 lbs.

b/p: 122/78

P: 60

New meds: no new meds

Pt complaint: follow up ⑥ 9/19/01

*[illegible handwritten notes]*

TORRISI, BARBARA         09/19/01         2347170

An alert female presents today. We are going to increase her Zoloft from 50 to 100 mg. Her costochondritis is better. She is much more relaxed. We are going to have her return in 1 month for reassessment.

*Anthony E. Turino M.D.*

MET0029

C1 1C 037163

# PHYSICIAN CONSULTANT REVIEW

| | |
|---|---|
| **DATE OF REVIEW:** | 10/16/01 |
| **CLAIMANT NAME:** | TORRISSI, BARBARA |
| **CLAIM NUMBER:** | 750108131449 |
| **CLAIMANT SS#:** | 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 |
| **REFERRAL SOURCE:** | DONNA NITAHARA<br>NURSE CONSULTANT |

**Diagnosis(es):**

1. Panic disorder.
2. Adjustment disorder with mixed features.

**File History/ Summary:**

The claimant is a 47 year old woman who works as a Sales Manager for Sears. The last day of work was 04/21/01. The Metlife Case Management Team reports that the claimant had initially claimed being off work due to medical issues, however, this changed to complaints of anxiety problems. The claimant appears to have received treatment from her primary care physician, Anthony Turiano, and received psychological assessment and treatment starting in August of 2001 with Thomas Kelley, Ph.D.

**Questions Posed:**

I was asked to review the available medical/psychiatric information and assist the Metlife Case Management Team in determining whether the information supports such significant psychiatric impairments as to preclude return to work from 04/21/01 forward.

**Summary of Activity:**

Reviewed office visits by Dr. Anthony Turiano dated 04/23, 05/01, 05/10, 06/08 and 07/20/01. Reviewed office notes dated 08/15, 08/19 and 09/12/01 by Thomas Kelley, Ph.D. Also reviewed a Metlife Mental Status Questionnaire dated 09/24/01 by Thomas Kelley, Ph.D.

**Findings of Physician Consultant Activity:**

The office notes by the primary care physician, Anthony Turiano, were reviewed first. The notes initially report various physical complaints including shortness of breath and intermittent stabbing pain. There is a note of this being considered related to costochondritis. The office notes do not include detailed description of activities of daily living or
Page 1 of 3

Independent Physician Consultant Review For MetLife Disability

**CLAIMANT NAME:** TORRISSI, BARBARA

**CLAIM NUMBER:** 750108131449

**CLAIMANT SS#:** 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

deterioration in activities of daily living. There is no notation of mental status exam or significant deficits in mental status exam. There is no detailed documentation of psychiatric symptomatology. There is no psychiatric diagnosis in these notes. There is a note of the claimant being started on Zoloft in May of 2001, however, the rationale and dosage are not indicated. The note of 06/08 indicates that "anxiety is responding to Zoloft".

The office notes by Thomas Kelley, Ph.D. were reviewed next. These notes indicate that the claimant had worked for her employer for well over thirty years and became overwhelmed with the workload. It is noted that the claimant understands that some of her symptoms are related to concerns of pressure and changes in the work place. There is also notation that the claimant does not feel she could go back to her employer because of mentioning of the name increases her anxiety. The most recent office note on 09/12 indicates that the claimant is free from panic attacks and is now feeling bored because she is not working. The notes do not indicate activities of daily living or significant deterioration in activities of daily living. There is no indication in these office notes of significant impairments on mental status exam. The initial Global Assessment of Functioning score was noted to be 65.

The 09/24/01 Mental Status Questionnaire was reviewed next. This again reveals diagnosis of panic disorder and adjustment disorder with mixed features. The Axis IV stressor indicates job stress at Sears. There were no checked off symptoms prohibiting the claimant performing her job. It was noted that anxiety and panic is specific to her job at her employer. The Form indicates that the claimant's understanding and memory remain intact. It is also noted that sustained concentration and persistence remain intact as well as social interaction and adaptation being intact. The Form indicates that the claimant is able to perform all her activities of daily living and there is no apparent deterioration. The Form also notes the claimant is interested in returning to work but at a different work site other than her employer. It notes that the claimant possesses good interpersonal administrative skills and wishes to use them in the work place. The Form notes that the claimant could return to work immediately.

**Answers to Referral Questions:**

Based on the information available to review, the information does not appear to be highly suggestive of such significant psychiatric impairments as to preclude return to work during this period. The notes do not indicate deterioration in activities of daily living or significant global impairments on mental status exam. There is information that appears suggestive of specific work related issues. It appears that the claimant could have done her type of work within another similar organization at this time.

Page 2 of 3

**Independent Physician Consultant Review For MetLife Disability**

01 10 037163

| | |
|---|---|
| **CLAIMANT NAME:** | TORRISSI, BARBARA |
| **CLAIM NUMBER:** | 750108131449 |
| **CLAIMANT SS#:** | 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 |

**Additional Comments/Recommendations:**

If there is additional psychiatric information available, I would gladly re-review this case.

Name, Title/Specialty _[signature]_
Lee H. Becker, M.D.
Board Certified Psychiatrist

3208 d. 10/16/01 RX/03 t. 10/16/01
Page 3 of 3

Independent Physician Consultant Review For MetLife Disability

## FILE UPDATE

RE: Barbara Torrisi

On 9/12/01 I had a scheduled appointment with Barbara. Generally she is free from panic attacks, although she is now feeling bored because she is not working. She will be seeing Dr. Turiano next Monday and hopes that he will agree that she could get into a retraining program as part of the insurance company's plan to help rehabilitate her. We spoke about the type of work that she might like to do and it is very apparent that she has many skills and has to fight a temptation that she has. The temptation is that she is a hard worker, tends to assume responsibility and will likely continue to do that in the months ahead. However the area that she needs to work on is an ability to recognize when the situation is overwhelming or she needs to step back from it. She has considerable awareness about her styles of responsibility and hard work, and is a bit apprehensive that she might fall into the same pattern of overwork. However, with the awareness and knowing something now about her panic it will likely help her avoid some of those situations in the future. She and I will meet again in a month and if all continues then we will leave future sessions on an as-needed basis.

Dictated 9/12/01

*[signature]*

MET0042

| Indicate type of claim | Disability Claim | PO Box 14590 |
|---|---|---|
| ☐ STD/Salary Continuance ☐ LTD | Employee Statement | Lexington, KY 40511-4590 |
| ☐ Unified Disability STD/LTD | | Phone: (888) 868-3997 |
| | | Fax: (866) 690-1264 |

### Section 1: Personal Information

**Name (Last, First, MI):** Torrisi, Barbara
**Employer:** Sears
**Group #:** 377280
**Social Security #:** 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
**Address:** 562 Prospect St.
**City:** Methuen
**State:** MA
**Zip Code:** 01844
**Date of Birth (MM/DD/YY):** 8/21/1954
**Sex:** F
**Home Phone #:** 978-683-8524
**Work Phone #:** 603-894-7700
**Occupation:** Sales manager
**Marital Status:** ☒ Married ☐ Single ☐ Other
**Tax Exemptions:** 1

**Dependent Information:**
- Spouse — Name: JOE TORRISI — DOB: 4/26/54 — SS#: 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
- Children — Name: Chris Torisi — DOB: 8/26/84

### Section 2: Claim Information

**Is your disability due to:** ☐ Injury/Accident ☒ Illness ☐ Pregnancy?

**Is this condition work related?** ☒ Yes ☐ No

**Date of first treatment for this condition:** 4/23/01
**Date Last Worked:** 4/23/01
**Date Disability Began:** April 23 Short term Sept
**Height:** 5'6"
**Weight:** 175

**Name, address, phone number of your primary attending physician:** Dr. Tuniano, 451 Andover, Andover MA.

**Name all physicians/providers who have treated you within the past 2 years:**

| Name of Physician/Provider | Phone Number | Dates of Treatment | Reason For Visit |
|---|---|---|---|
| Dr Tuniano | (978) 725-0500 | From 4/23 To present | |
| Tom Kelley | (978) 470-3348 | From 9/ To present | |

**Have you been hospitalized for this condition?** ☐ Yes ☒ No

**Circle Highest Education Level Completed:** 1 2 3 4 5 6 7 8 9 10 11 12 13 (14) 15 16 17 18

**Please describe what prevents you from performing the duties of your job:** I cannot work under such stressful conditions. I get feelings of heart attack. When I have a panic attack. Breathing problems

**Have you applied for or are you receiving income from any other sources?** No

| | Applied for | Receiving | $ Amount | Frequency | From/To Dates |
|---|---|---|---|---|---|
| Salary Continuance/Sick Leave | ☐ | ☐ | | | |
| Short Term Disability ran out | ☐ 9/8 | ☐ | | | |
| Workers' Compensation | ☐ | ☐ | | | |
| State Disability | ☐ | ☐ | | | |
| Social Security | ☐ | ☐ | | | |
| Dependent Social Security | ☐ | ☐ | | | |
| No Fault (Income Replacement) | ☐ | ☐ | | | |
| Retirement/Pension | ☐ | ☐ | | | |
| Permanent Total Disability | ☐ | ☐ | | | |
| Other (Please Identify) | ☐ | ☐ | | | |

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

**Employee's Signature:** Barbara Torisi
**Date:** 9/19/01

JE0790.5CR 02/96                Continued on Reverse Side

MET0062

## Met DisAbility®
## Mental Status Questionnaire

NAME: Barbara Torrisi         CLAIM #: _____
SSN: 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              D.O.B.: 8/21/54

**1. What is the DSM-IV category and Axis I-V?**

AXIS I: Clinical Disorders (Other conditions that may be a focus of Clinical Attention)

Diagnostic Code(s)    DSM-IV Name
30001                 Panic Disorder
30928                 Adjustment Disorder w mixed features

AXIS II: Personality Disorders (Mental Retardation)

Diagnostic Code(s)    DSM-IV Name
None

AXIS III: General Medical Conditions

Code(s)               ICD-9-CM Name(s)
                      Hypertension

AXIS IV: Psychosocial and Environmental Problems

Check all that apply:

___ Problems with primary support group. Specify: _____
___ Problems related to the social environment. Specify: _____
___ Educational problems. Specify: _____
✓ Occupational problems. Specify: Job stress at Sears
___ Housing problems. Specify: _____
___ Economic problems. Specify: _____
___ Problems with access to health care services. Specify: _____
___ Problems related to interaction with the legal system/crime. Specify: _____
___ Other psychosocial and environmental problems. Specify: _____

AXIS V:

A. Global Assessment of Functioning Scale (GAF)
   Initial assessment date:           8/15/01    Score: 55
   Most recent assessment date:       9/21/01    Score: 75
   Date of best assessment in past year: _____  Score: ____

B. Social and Occupational Functioning Assessment Scale (SOFA)  REF: DSM IV
   Initial assessment date:           _____ Score: ____
   Most recent assessment date:       _____ Score: ____
   Date of best assessment in past year: _____  Score: ____

MET0065

**2. Check all manifestations listed below that <u>PROHIBIT</u> your patient from performing his/her job? (Please check <u>ALL</u> items applicable)**

### A. BEHAVIORS AND ATTITUDES
( ) Anergetic           ( ) Uncooperative       ( ) Suspicious              ( ) Explosive
( ) Aggressive          ( ) Combative           ( ) Inability to Control Emotions
( ) Other (Specify): _____

### B. MOOD AND AFFECT
( ) Abnormally Elated        ( ) Overtly Anxious       ( ) Extremely Irritable    ( ) Extremely Labile
( ) Incongruent              ( ) Inappropriate         ( ) Extremely Sad          ( ) Dangerously Hostile
( ) Psychomotor Agitation    ( ) Psychomotor Retardation
( ) Flattened Affect         ( ) Overtly Angry
( ) Other (Specify): ANXIETY + PANIC IS SPECIFIC TO JOB AT SEARS

### C. SPEECH
( ) Illogical           ( ) Rambling            ( ) Pressured               ( ) Hesitant
( ) Slow                ( ) Slurred
( ) Other (Specify): _____

### D. THOUGHT PROCESSES AND FLOW OF MENTAL ACTIVITY
( ) Blocking            ( ) Circumstantial      ( ) Tangential              ( ) Indecisive
( ) Confabulation       ( ) Perseveration       ( ) Autistic                ( ) Flight of Ideas
( ) Loose Associations
( ) Other (Specify): _____

### E. CONTENT OF THOUGHT
( ) Suspicion           ( ) Delusions           ( ) Phobias                 ( ) Ideas of Influence
( ) Dissociation        ( ) Paranoia            ( ) Resistance              ( ) Suicidal Ideation
( ) Obsessions          ( ) Repression          ( ) Denial                  ( ) Ideas of Reference
( ) Rationalization     ( ) Conversion          ( ) Regression              ( ) Displacement
( ) Antisocial          ( ) Depersonalization   ( ) Derealization           ( ) Hallucinations
( ) Thoughts of Homicide ( ) Somatic Preoccupation

( ) Thoughts of Inflicting Harm   Self ___   Others ___
( ) Other (Specify): N/O suicidal or homicidal ideation

Page 2

**3. What are your patient's current abilities that have remained INTACT?**
Check all that apply:

A. UNDERSTANDING AND MEMORY

(✓) Ability to remember locations and word-like procedures
(✓) Ability to remember short and simple instructions
(✓) Ability to understand and remember detailed instructions

B. SUSTAINED CONCENTRATION AND PERSISTENCE

(✓) Ability to carry out short and simple instructions
(✓) Ability to carry out detailed instructions
(✓) Ability to maintain attention and concentration
(✓) Ability to perform activities within a schedule
(✓) Ability to sustain an organized routine
(✓) Ability to work in coordination within a proximity to others WITHOUT being distracted
(✓) Ability to make simple work related decisions
(✓) Ability to complete normal work week WITHOUT interruptions from psychological based symptoms
(✓) Ability to perform at a reasonable pace WITHOUT an unreasonable number of breaks and rest periods

C. SOCIAL INTERACTION

(✓) Ability to interact appropriately with the general public
(✓) Ability to ask simple questions or request assistance
(✓) Ability to accept instructions and respond appropriately to criticism from supervisors
(✓) Ability to get along with co-workers WITHOUT distracting them or exhibiting behavior extremes
(✓) Ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness

D. ADAPTATION

(✓) Ability to respond appropriately to changes in the work setting
(✓) Ability to be aware of normal hazards and take appropriate precautions
(✓) Ability to travel in unfamiliar places or use public transportation
(✓) Ability to set realistic goals or make plans independent of others

**4. What daily activities of living is your patient capable or not capable of performing?**
Please circle all that apply

| | | | Change from prior performance? |
|---|---|---|---|
| A. Is patient able to get in and out of bed? | (YES) NO | | YES  NO |
| B. Dress and groom appropriately? | (YES) NO | | YES  NO |
| C. Perform household chores? | (YES) NO | | YES  NO |
| D. Attend church or social functions? | (YES) NO | | YES  NO |

Page 3

MET0067

5. A. Provide objective findings of formal mental status examination.
Since medication (Zoloft) + counseling, panic attacks have been reduced to zero. Discussion and goals on topic of SEARS brings anxiety and panic symptoms

  B. What psychological testing has been performed to support this individual's diagnosis (i.e., MMPI, Beck depression Inventory, WAIS, etc.)? Please also provide test results. Initial Mental Health assessment survey to review symptoms, medical health and levels of functioning.

6. What **FUNCTIONAL IMPAIRMENTS** are prohibiting the individual from returning to his/her job? Please be specific and relate to manifestations reported above. (Please refer to Job Description)
Pt is unable to return to prior job @ SEARS. She is high level, energetic employee who was burned-out in prior employment. She is capable of resuming less intense position as mid-level manager.

7. What are your current treatment plans and goals? Please specify modality and setting (i.e. IP/PHP). Individual counseling using cognitive-behavioral approach; to monitor anxiety symptoms.

8. Current medications, dosages, and blood levels, if applicable.
Date of last medication change and/or assessment: Zoloft, 100mg. Atenolol, 25mg

9. Future treatment objectives related to work functions and reported functional impairments. Pt is interested in a Return to WoRK; to a different work-site than Sears. She possesses good inter-personal and administrative skills and wishes to use them in the workplace.

10. Prognosis:

For recovery from condition:      0   1   2   3   4   5   6   7  (8)  9   10

For return to work:               0   1   2   3   4   5   6   7   8   9  (10)
                                 (none)                                (excellent)

11. Specify types of reasonable accomodations which would facilitate re-entry into the work place. (i.e. graduated hours and/or days, part-time, job coach, etc.)
1. LIMIT AMOUNT Of ORGANIZATIONAL RESPONSIBILITY, since she has difficulty setting limits. She tends to pick up too many responsibilities, gets overwhelmed and becomes burned out.

Page 4

MET0068

12. What is your estimate of a return to work date? Please provide justification.

With accommodation  Date: _IMMEDIATE_

Justification: _Symptoms under control_

Without accommodation  Date: _____

Justification: _____

13. If attending physician is not a psychiatrist, has a referral been made? If yes, please provide name and address of psychiatrist. If no, please provide reason(s) why a referral has not been made. _Medication management is adequately provided by her PCP Anthony Thriano, MD_

14. Please include all office notes from _____ to the present.
    Job description included ____ YES ____ NO

THERAPIST
PHYSICIAN'S NAME: _THOMAS KELLEY, Ph.D. LICSW_
PHYSICIAN'S SIGNATURE: _Thomas Kelley_  DATE: _9-24-01_
PHONE NUMBER: _(978) 470-3348_  TAX ID# _____
DATE BOARD CERTIFIED: _____
SPECIALTY: _LICSW #102788 MA_

Please return to:

**MetLife Disability**
PO Box 14590
Lexington, KY 40511-4590
Phone: (888) 868-3997
Fax: (866) 690-1264

A reasonable fee for your assistance will be promptly paid upon receipt of your response. Please address the billing to MetLife on your letterhead and include your Tax I.D. number.

Page 5

MET0069

010803 000229



**SUBURBAN HEALTHCARE CENTER**

140 Haverhill Street, Andover, MA 01810
(978) 470 - 1180

July 20, 2001

Earl Chester
P.O. Box 14590
Lexington, KY 40511

RE:  Barbara Torrisi

To Whom It May Concern:

Mrs. Barbara Torrisi is a female whose costochondritis appears to have resolved. She is, however, still suffering from anxiety which is worse when she has any involvement with her job. She is currently being medicated for this. In addition, her blood pressure is noted to be elevated and will need to be further adjusted. I would strongly advise her not to return to her current position due to the increased stress she is under.

Sincerely yours,

Anthony Turiano, M.D.

AT:tc:rr

An Affiliate Of The   Lawrence General Health System

MET0081

# MetLife®

Metropolitan Life Insurance Company
One Madison Avenue, New York, New York 10010-3690

**CERTIFICATE OF INSURANCE**
**for the Employees of**

**SEARS, ROEBUCK AND CO.**
**(called the Employer)**

This is your Certificate of Insurance for Long Term Disability Insurance as long as you are insured under This Plan. The Group Policy and this Certificate may be changed or canceled according to the terms, conditions and provisions of the Group Policy. This Certificate describes the benefits under the Plan in effect as of May 1, 2000. Any prior Certificate relating to the coverage set forth herein is void.

MetLife in its discretion has authority to interpret the terms, conditions, and provisions of the entire contract. This includes the Group Policy, Certificate and any Amendments.

The Group Policy is delivered in and administered according to the laws of the governing jurisdiction.

Whenever a reference to "you" or "your" is made in this Certificate of Insurance, it means the covered Employee. Reference to "we", "us" or "our" means MetLife. Reference to "This Plan" means that part of the Employer's plan of employee benefits that is insured by MetLife.

*[signature]*

Robert H. Benmosche
Chairman, President and Chief Executive Officer

Group Policy No.: 31000-G

Form G.24303-Cert.

MET0085

-ii-

**Temporary Recovery During Your Elimination Period**

If you return to work for 40 days or less during your Elimination Period, those days will not count towards your Elimination Period. However, if you return to work for more than 40 days before satisfying your Elimination Period, you will have to begin a new Elimination Period.

Temporary Recovery means you cease to be Disabled. During a period of Temporary Recovery you will not qualify for any change in coverage caused by a change in any of the following:

1. the rate of earnings used to determine your Predisability Earnings; or

2. the terms, provisions, or conditions shown in your Certificate of Insurance.

**Definition of Disability**

If you are a salaried Employee, "Disabled" or "Disability" means that, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and

1. during your Elimination Period and the next 24 month period, due to your inability to perform the duties of your Own Occupation you are unable to earn more than 80% of your Predisability Earnings or Indexed Predisability Earnings at your Own Occupation for any employer in your Local Economy; or

2. after the 24 month period, due to your inability to perform the duties of any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and Predisability Earnings, you are unable to earn more than 60% of your Indexed Predisability Earnings from any employer in your Local Economy.

If you are an hourly Employee, "Disabled" or "Disability" means that, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and

1. during your Elimination Period and the next 24 month period, due to your inability to perform the duties of any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and Predisability Earnings, you are unable to earn more than 80% of your Indexed Predisability Earnings from any employer in your Local Economy; or

2. after the 24 month period, due to your inability to perform the duties of any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and Predisability Earnings, you are unable to earn more than 60% of your Indexed Predisability Earnings from any employer in your Local Economy.

Your loss of earnings must be a direct result of your sickness, pregnancy or accidental injury. Economic factors such as, but not limited to, recession, job obsolescence, paycuts and job-sharing will not be considered in determining whether you meet the loss of earnings test.

For an employee whose occupation requires a license, "loss of license" for any reason does not, in itself, constitute Disability.

"Appropriate Care and Treatment" means medical care and treatment that meet all of the following:

1. it is received from a Doctor whose medical training and clinical experience are suitable for treating your Disability;

2. it is necessary to meet your basic health needs and is of demonstrable medical value;

MET0096

### E. Limitations

**Limitation for Pre-existing Conditions**

You may be Disabled due to a Pre-existing Condition. No benefits are payable under This Plan in connection with that Disability unless your Elimination Period starts after you have been an Active Employee under This Plan for 12 consecutive months.

A Pre-existing Condition is an injury, sickness, or pregnancy for which you in the 6 months before your Effective Date:

1.  received medical treatment, consultation, care, or services;

2.  took prescription medications or had medications prescribed; or

3.  had symptoms or conditions which would cause a reasonably prudent person to seek diagnosis, care, or treatment.

**Limitation For Disabilities Due to Particular Conditions**

Monthly Benefits are limited to 12 months during your lifetime if you are Disabled due to a Mental or Nervous Disorder or Disease, unless the Disability results from:

1.  schizophrenia;

2.  bipolar disorder;

3.  dementia; or

4.  organic brain disease.

"Mental or Nervous Disorder or Disease" means a medical condition of sufficient severity to meet the diagnostic criteria established in the current Diagnostic And Statistical Manual Of Mental Disorders. You must be receiving Appropriate Care and Treatment for your condition by a mental health Doctor.

If you are Disabled due to a Mental or Nervous Disorder or Disease and are confined in a Hospital or Institution at the end of 12 months, Benefits will continue until the confinement ends.

In no event will Monthly Benefits be payable longer than the Maximum Benefit Duration shown in the Plan Highlights.

**Limitation For Alcohol, Drug or Substance Abuse or Dependency**

If you are Disabled due to alcohol, drug or substance abuse or dependency, Monthly Benefits are limited to one period of Disability during your lifetime. You must be participating in an available rehabilitative program recommended by a Doctor. An available rehabilitative program is a program such as, but not limited to, one available to you through either: (i) another group plan of your Employer (such as an Employee Assistance Program or Medical Plan); or (ii) services generally available to the public through local community services at no or minimal cost to you. In no event will Monthly Benefit payments be made beyond the earlier of:

1.  the date 12 Monthly Benefit payments have been made;

2.  the date you are no longer participating in the rehabilitative program;

MET0102

Metropolitan Life Insurance Company
PO Box 14590, Lexington, KY 40511-4590

# MetLife®

November 27, 2001

Barbara Torrisi
562 Prospect Street
Methuen MA 01844

        RE:        Long Term Disability
                    Sears, Roebuck & Co.
        Group:  92992
        Claim:  750108131449
        SSN:    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

Dear Ms. Torrisi:

We have completed our review of your claim pursuant to your appeal of the termination of benefits under the Sears, Roebuck & Co group long term disability plan (the "Plan"). Based upon this review, we have determined that our prior decision to terminate benefits was correct under the terms of the Plan.

By letter, dated October 22, 2001, you were notified that based upon the applicable terms of the Plan and the medical information, both of which were set forth in this letter, your file did not support the continued payment of benefits.

Our review consisted of examining the documentation already contained in the file at the time our decision was rendered as well as the additional medical records that were submitted by you

A letter dated July 20, 2001 from Anthony Turiano MD indicated that your costochondritis appears to have resolved; however, you experienced job-related anxiety for which you received medication, and your blood pressure medication needed to be adjusted. He stated you were not advised to return to your own job at that time.

On a questionnaire dated September 24, 2001 completed by Thomas Kelley PhD, Dr. Kelley indicated that you were unable to return to your prior job at Sears because you were a high level, energetic employee who was burned out. However, you were capable of resuming less intense position as mid-level manager. Dr. Kelley further indicated that you were interested in a return to work to a different work sit than Sears. You possess good interpersonal and administrative skills and wished to use them in the workplace. He prognosed your recovery as an eight (8) and your return to work as a ten (10) on a scale of one to ten. He further added that you needed to limit the amount of organizational responsibility because you had difficulty setting limits. You tended to pickup too many responsibilities, get overwhelmed, and become burned out. Per Dr. Kelley all itemized abilities remained in tact: understanding and memory; sustained concentration and persistence; social interaction; and adaptation. You were capable of all activities of daily living. In regard to Mood and Affect, Dr. Kelley wrote, "Anxiety and panic is specific to job at Sears."

In his office record dated April 23, 2001 Dr. Turiano indicated that your condition did not sound cardiac related; however, he further stated that it could be stress related from work. In his record dated May 1, 2001 he further stated that you had stress from work, but you were not receptive to that idea. On June 8, 2001

Barbara Torrisi
750108131449
Page 2

Dr. Turiano commented that your costochondritis was responding to Trilisate, and your anxiety was responding to Zoloft.

Dr. Kelley's initial diagnosis was anxiety caused by job at Sears. He classified you as "mild/symptoms but functions generally well." On his dictation dated August 29, 2001 Dr. Kelly indicated that you wished to return to work but not at Sears. By September 12, 2001, per the office record, you were free of panic attacks and were bored because you were not working.

We requested an independent physician consultant review of the medical information in your file. The consultant noted that the information did not appear to be highly suggestive of such significant psychiatric impairments as to preclude a return to work. The office notes did not indicate deterioration in activities of daily living or significant global impairments on mental status examination. The information appeared to suggest specific work issues.

The additional note dated November 6, 2001 from Dr. Kelley stated that you had made positive strides but continued to display symptoms of anxiety as you considered returning to work, and he recommended a part time trial.

In summary, the medical records provided noted continued references to stress related to work issues at Sears. No medical/clinical evidence was submitted to document that your condition was sufficient to render you unable to perform the duties of your Own Occupation for any employer in your local economy. No medical/clinical findings were submitted to support that any restrictions existed that would keep you from returning to a mid-level management position on a full-time basis. Based on the above we are upholding our previous decision to terminate your claim for benefits under The Plan.

Our determination as noted above constitutes MetLife's final determination on appeal and completes the full and fair review of the initial decision of your disability claim.

Sincerely,


Gail E. Heneghan
Procedure Analyst
MetLife Disability
(800)638-2242


MET0135

```
JUN. -07' 01(THU) 08:07   MET              TEL:847 297 3740           011112031929
```

**Metropolitan Life Insurance Co.**
MetLife Disability
PO Box 14590  # 340106048397
Lexington, KY 14590
Phone: (888) 888-3997
Fax: 847-391-1727

**STATEMENT OF CLAIM FOR ACCIDENT AND SICKNESS OR LONG TERM DISABILITY**

**ATTENDING PHYSICIAN STATEMENT**

**MetLife®**

IT IS A CRIME TO FILL OUT THIS FORM WITH FACTS YOU KNOW ARE FALSE OR LEAVE OUT FACTS YOU KNOW ARE IMPORTANT

Patient's name: Barbara Torrisi    Date of Birth: 8-21-54    SSN #: 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
Height: 5'8"    Weight: 118 lb

Diagnosis/Analysis:
a. Patient's Symptoms: Chest pain
b. Objective Findings: Costochondral tenderness, pain in chest wall

ICD9 Code: 786.50

Nature of surgical procedure, if any (describe fully): ...
Date performed ...20...

CPT Code: 733.6, 401.9, 300.00

Enter dates for following:

| | Month | Day | Year |
|---|---|---|---|
| a. Date of your first treatment for this disability | 7 | 22 | 01 |
| b. Date of your most recent treatment for this disability | 6 | 8 | 01 |
| c. Date Patient was unable to work because of this disability | May | 21 | 01 |
| d. Date Patient will be able to perform usual work | | | |

(Even if considerable question exists, estimate date. Avoid use of terms such as unknown or undetermined)

Is patient pregnant? ☐ Yes ☒ No   If yes what is expected delivery date?
If pregnancy terminated, please indicate date ................ and manner (Normal delivery, caesarean, miscarriage, etc)

Did patient suffer any totally disabling complication of pregnancy? ☐ Yes ☒ No
If yes, please indicate full diagnosis and/or details describing the complication

Progress
Has patient ........... ☐ Recovered?   ☒ Improved?   ☐ Unchanged?   ☐ Retrogressed?
Is patient ............. ☒ Ambulatory?  ☐ House Confined? ☐ Bed confined? ☐ Hospital confined?
Has patient been hospitalized? ☐ Yes ☒ No   If yes, give name and address of hospital
........... Confined from .......... though ..........

In your opinion, is this condition work-related? ☐ Yes ☐ No  +/-
What duties of patient's job is he/she incapable of performing?

Is patient a suitable candidate for: (a) vocational rehab ☐ Yes ☒ No   (b) therapeutic rehab ☐ Yes ☒ No
Would patient be able to perform a light duty job? ☐ Yes ☒ No   When could trial employment commence?
If yes, explain under remarks.
Remarks: The patient is improving with further rehab 8/1/25(?)

In your opinion is Patient competent to endorse checks and direct the use of their proceeds? ☐ Yes ☐ No

Name of Provider: Anthony E Turizzo    Degree: MD    Board Certified Specialty: Family Practice
Street Address: 140 Haverhill St 451 Andover    City: Andover    State: MA   Zip: 01810
Telephone: 978-470-1180    Fax: 978-470-3150    Date: ..........    Signature: ..........

MET0143

Metropolitan Life Insurance Company
PO Box 94221, Palatine, IL 60094-4221

# MetLife®

**MetLife Disability**

October 22, 2001

Barbara Torrisi
562 Prospect Street
Mathuen, MA 01844

RE: Long Term Disability
Claim #: 750108131449
Policy: 92992
SSN#: 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

Ms. Torrisi:

Your claim for Long-Term Disability (LTD) benefits has been approved for a closed period of time. After satisfaction of the required 140 day elimination period and with a date of disability of April 22, 2001, benefits are payable as of September 9, 2001.

Your plan states:

If you are an salaried employee, "Disabled" or "Disability" means that, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and

1.   during your Elimination Period and the next 24 month period, due to your inability to perform the duties of your Own Occupation, you are unable to earn more than 80% of your Pre-disability Earnings or indexed Pre-disability Earnings at your own Occupation for any employer in your local economy; or

2.   after the 24 month period, due to your inability to perform the duties of **any** gainful occupation for which you are reasonably qualified taking into account your training, education, experience and Predisability Earnings, you are unable to earn more than 60% of your Indexed Predisability Earnings from any employer in your Local Economy.

Your benefit was calculated by taking 60% of your basic monthly salary of $4500.00, resulting in a gross benefit of $2700.00 per month pursuant to the plan terms.

Under separate cover, you will receive our check in the amount of $1980.00 representing the initial benefit from September 9, 2001 through September 30, 2001.

All of the medical documentation submitted for your claim was reviewed. As part of our review, you file was referred to an Independent Physician's Consultant. It is our determination that you are able to return to your occupation. We find no significant psychiatric impairment that would preclude your return to work.

MET0159

Your mental Status exam, completed by Dr. Kelly on September 24, 2001, notes that your anxiety & panic are job specific. Your memory, concentration, and social interaction remain in tact. Dr Kelly further notes that your symptoms are under control. There is no mention of deterioration in your daily activities or significant global impairment.

Based on the above, as well as the referenced definition of disability, benefits beyond September 30, 2001 are denied and your claim is now closed.

In the event a claim has been denied, in whole or in part, you may request a review of the claim in writing. This request for review should be sent to MetLife Disability, P O Box 14590, Lexington, KY 40511-4590, no more than 60 days after you receive notice of denial of the claim.

When requesting this review, please state the reason(s) you believe the claim was improperly denied, and submit any requests to review pertinent documents. You may also submit additional medical or vocational information and any facts, data, questions, or comments you deem appropriate for us to give your appeal proper consideration. MetLife Disability will evaluate all the information and advise you of our determination in a timely manner.

If you have question regarding this letter please contact us at -1-888-868-3997.

Please retain a copy of this letter for future reference.


Sincerely,



Karen Bryson
Sr. Case Management Specialist

MET0160