United States District Court
District of Massachusetts

```
_____
                               )
BARBARA TORRISI,               )
                               )
         Plaintiff,            )
                               )   Civil Action No.
         v.                    )   03-12372-NMG
                               )
METROPOLITAN LIFE INSURANCE    )
COMPANY,                       )
                               )
         Defendant.            )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This discovery dispute arises in a case involving the review of an ERISA plan administrator's denial of long term disability benefits to plaintiff, Barbara Torrisi ("Torrisi"). Torrisi worked for Sears Roebuck & Company as a Sales Manager until April 21, 2001, when she allegedly became disabled due to stress and panic attacks. She filed a claim for long term disability benefits.

I. Background

The plan administrator, defendant Metropolitan Life Insurance Company ("Met Life"), approved her claim for a closed period of time and paid benefits for the period from September 9, 2001 through September 30, 2001. It denied benefits beyond September 30, 2001, on the ground that Torrisi was not disabled

-1-

within the meaning of the policy because her impairment did not preclude her from returning to her occupation. This determination was based upon statements by Torrisi's doctor that Torrisi's anxiety and panic attacks were specific to her job at Sears and that she was capable of resuming another position as a mid-level manager, perhaps with a different company.

Plaintiff filed a motion to compel defendant to answer her Requests for Production of Documents Nos. 3 and 4, which seek copies of policy or guidance statements relating to the disability insurance policy and plaintiff's disability plan. Defendant has objected to the requests, contending that they seek information that is not relevant to the claim or defense of any party.

**II. Glista**

In Glista v. Unum Life Insurance Co., 378 F.3d 113 (1st Cir. 2003), the First Circuit Court of Appeals addressed, for the first time, "the admissibility in ERISA cases of internal guidelines and training materials that interpret certain plan terms and are promulgated by the plan administrator." 378 F.3d at 115. It "decline[d] to adopt hard-and-fast rules" to answer the question but "conclude[d] that such internal documents are admissible under certain conditions," such as those presented in that case. Id. Although the matter before this Court is a motion to compel discovery and not a request to supplement the

record, the Court can take guidance from Glista: documents that would properly be admissible as part of the record should be produced as part of discovery.

In Glista, the plaintiff sought review of a plan administrator's denial of long term disability benefits on the ground that his condition was pre-existing and therefore not covered according to the terms of the plan. Plaintiff obtained discovery, over defendant's objections, of defendant's internal training and reference materials relating to the pre-existing condition exclusion. He then sought to add such evidence to the record. The district court denied plaintiff's request, stating that the evidence at issue was irrelevant to the court's determination of whether the plan administrator's decision to deny benefits was arbitrary and capricious and stating that "by creating a training or a reference manual, Unum did not relinquish its discretion to interpret the terms of its own insurance policy." Glista v. Unum Life Ins. Co., 2003 WL at 22282175, at *8 (D. Mass.).

The First Circuit Court of Appeals found the district court's exclusion of the internal training and reference materials to be in error and held that the documents should have been admitted. The court stated that

> [w]here a plan administrator has chosen consistently to interpret plan terms in a given way, that interpretation is relevant in assessing the reasonableness of the administrator's decision.

Glista, 378 F.3d at 123.  Noting that a plan administrator's interprative documents are analogous to an administrative agency's guidelines or regulations, id. at 122, the court

> [did] not see a court's consideration of internal memoranda as impermissibly narrowing the discretion of plan administrators [because b]y creating and promulgating internal guidance documents, plan administrators chose to exercise their discretion to define terms.  When courts place weight on those definitions, they do not narrow the plan administrator's discretion beyond what the administrator itself has chosen to do.

Id. at 124.

Furthermore, federal law and relatively new federal regulations provide that claimants are entitled to obtain the documents at issue in Glista and in the instant case.  ERISA provides that "every employee benefit plan shall...afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review" of the denial.  29 U.S.C. § 1133.  Regulations promulgated by the Department of Labor in the year 2000 interpret the term "full and fair review" to require that the claimant be given access to all "relevant" documents.  29 C.F.R. § 2560.501-1(h)(2)(iii).  Relevant documents, in turn, are defined to include

> statement[s] of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.501-1(m)(8)(iv).  Although these regulations apply only to claims made on or after January 1, 2002, 29 C.F.R.

-4-

§ 2560.501-1(o)(1), they were intended to clarify the preexisting regulations which, in the view of the Department of Labor, already contemplated disclosure of such information. <u>Glista</u>, 378 F.3d at 123, <u>citing</u> 65 Fed. Reg. 70,246 at 70,252 (Nov. 21, 2000).

### III. **Analysis**

In the instant case, Met Life denied benefits to Torrisi because it determined that she was able to return to her occupation and, therefore, was not disabled. It based its determination on reports of medical examinations "as well as the referenced definition of disability." Accordingly, plaintiff is entitled to discovery of internal documents and memoranda relating to Met Life's definition and interpretation of the term "disability" because such documents may be relevant to her claim that the administrator's denial of benefits was arbitrary and capricious.

Plaintiff's document requests, however, are overbroad. They seek

> 3. A copy of each and every written policy, procedure, or training materials of MetLife which relates to the construction or interpretation of its disability insurance Policy provisions...[and]

> 4. A copy of each and every written statement of policy or guidance applicable to the subject Plan, and/or its underlying policy/policies of insurance....

Plaintiff's requests would include, for example, internal guidelines relating to pre-existing conditions that may limit a

-5-

claimant's disability benefits.  Such guidelines are not relevant to plaintiff's case and irrelevant documents need not be produced.  However, to the extent plaintiff's requests apply to policies, procedures, guidelines or training materials involving the definition of "disability" (including terms used in the definition of "disability", such as "Own Occupation") or which could have been used in making the benefit determination in Torrisi's particular case, the motion to compel will be allowed.

Defendant's attempts to distinguish Glista from the instant case are unpersuasive.  This case involves the interpretation of the term "disability" just as Glista involved the interpretation of the term "pre-existing condition".  The difference has no impact on the relevance of an administrator's internal guidelines.

The weight and admissibility of internal documents in ERISA cases will vary with the facts of each case.  Glista, 378 F.3d at 123.  In ruling on the instant Motion to Compel, the Court expresses no opinion on whether the documents to be produced will be admitted as part of the administrative record.

**ORDER**

In accordance with the foregoing memorandum, Plaintiff's Motion to Compel Discovery (Docket No. 12), is **ALLOWED**, in part, and **DENIED**, in part, in that defendant is directed to produce, on

or before May 31, 2005, the documents requested by plaintiff insofar as they relate to the term "disability" as used in the applicable policy or the determination of whether claimants are deemed to be disabled within the meaning of the applicable policy.

In accordance with this Court's previous allowance of the parties' Joint Motion to Extend Summary Judgment Deadlines (Docket No. 16), the Scheduling Order is hereby amended to provide that motions for summary judgment shall be filed on or before July 8, 2005, and responses thereto on or before July 29, 2005.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: May 11, 2005